People v Fernandez (2024 NY Slip Op 01996)

People v Fernandez

2024 NY Slip Op 01996

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Ind. No. 71464/22 Appeal No. 2026 Case No. 2023-01869 

[*1]The People of the State of New York, Respondent,
v
Quincy Fernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Charles F. Hickerson IV of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered March 30, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant's Second Amendment challenge to his conviction is unpreserved (see People v Cabrera, — NY3d —, —, 2023 NY Slip Op 05968, *2-7 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that, on the present record, defendant has failed to establish that his conviction is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal, as it involves matters not reflected in the record, and should be raised by way of a CPL 440.10 motion (see People v Holder, — AD3d —, 2024 NY Slip Op 00814 [1st Dept 2024]; see also People v Maffei, 35 NY3d 264, 269-270 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024